IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,

      v.

JOHN A. MENGEL,
CHRISTINE MENGEL,
MEMORIAL HEALTH CENTER INC.,
MARSHFIELD CLINIC, and
HEALTHSOUTH SURGERY CENTER,

                Defendants.

OPINION AND ORDER

08-cv-654-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff United States of America has moved for summary judgment against defendants John A. Mengel, Christine Mengel, Memorial Health Center Inc., Marshfield Clinic and Healthsouth Surgery Center on its action to foreclose on various instruments of debt executed in favor of the Farm Service Agency of the United States Department of Agriculture by the principal defendants, John A. Mengel and Christine Mengel, between April 5, 2004 and September 13, 2007.  The principal defendants appeared, filed an answer to plaintiff's complaint and responded to plaintiff's motion for summary judgment.  The remaining defendants have made no appearances in this case.

1

From the findings of fact proposed by plaintiff,  I find that the following facts are material and undisputed.

UNDISPUTED FACTS

Defendants John A. Mengel and Christine Mengel executed real estate mortgages on August 9, 2004, August 12, 2004 and August 23, 2005.  They executed an Agreement for Extension of Mortgage due to Consolidation, Rescheduling or Reamortization on February 15, 2005 and a number of perfected security agreements, the most recent of which was executed on September 13, 2007 to secure promissory notes and an assumption agreement in favor of Farm Service Agency executed by them to the Farm Service Agency over the period from April 5, 2004 to August 23, 2005.

The mortgages that the principal defendants signed provide that in the event of default by the borrower on the promissory notes, Farm Service Agency has several options. With or without notice, it may declare the entire amount unpaid under the notes immediately due and payable; it may foreclose the mortgages as provided by law; or it may exercise other options set forth in the mortgages.

The most recent mortgages that the principal defendants signed on August 23, 2005 secured refinancing of three prior notes dated February 15, 2005, and two additional notes issued on August 23, 2005.  Under the August 2005 mortgage, the principal defendants

2

agreed that their state law rights were limited as to any right of redemption or possession following any foreclosure sale. The security agreement provides that in the event of default by the borrowers on the promissory notes, plaintiff has several options. With or without notice, it may declare the entire balance on the notes immediately due and payable; it may enter upon the premises and take possession of the collateral; or it may exercise any sale or other rights accorded by law.

The principal defendants have defaulted and failed to comply with the terms of the promissory notes, assumption agreement, security agreement and mortgages. They have made no payments on the promissory notes since January 31, 2008.

The principal defendants were served a Notice of Acceleration of Indebtedness and Demand for Payment on or about April 15, 2008. As of March 25, 2009, there remained unpaid on the notes, assumption agreement, security agreement and mortgages $272,268.36, plus daily interest continuing to accrue from that date in the amount of $27.9476.

| | |
|---|---|
| Principal: | $234,430.55 |
| Interest: | $ 37,062.83 |

| Expenses: | | |
|---|---|---|
| Attorney Fees | $200.00 | |
| Marshal Fees | $495.00 | |
| Filing Fees | $ 20.00 | |
| Title Search | $ 60.00 | |
| Subtotal: | $ | 775.00 |

3

TOTAL:                                    $272,268.38

The mortgaged premises are described in Exhibits J, K and L attached to this order. The pledged collateral that is the subject of this actions is described in Exhibit H attached to this order.

The real estate is so situated that it cannot be sold in parcels without injury to the interest of the parties and the sale of the whole will be more beneficial to the parties. The mortgaged premises have not been abandoned.

Due notice of the pendency of this action was filed in the Register of Deeds for Price County, Wisconsin, on November 17, 2008, after the filing of the complaint and more than 20 days prior to the trial of the action.

Defendants Memorial Health Center Inc., Marshfield Clinic and Healthsouth Center have failed to appear, plead or otherwise defend the claims against them.

CONCLUSIONS OF LAW

Plaintiff has shown that it is entitled to judgment of foreclosure. Although the principal defendants raise three supposed affirmative defenses in opposition to plaintiff's motion, they never raised any of them in their answer, as they were required to do under Fed. R. Civ. P. 8(c). The consequence is that they are procedurally barred from asserting them now. "Failure to plead an affirmative defense results in a waiver of that defense."

4

Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 235 (7th Cir. 1991); see also Illinois
Conference of Teamsters and Employers Welfare Fund v. Steve Gilbert Trucking, 71 F.3d
1361, 1365 (7th Cir. 1995) (same).

      Even if defendants could pursue their defenses, they have not shown how they could
prevail on them.  They assert first that they "may" have been misled about the transaction,
suggesting a possible affirmative defense of fraud or misrepresentation, but they have
proposed no facts to support this assertion.  They merely proposed as a fact, "Plaintiff may
have engaged in deceitful practices at the inception of the loan agreement."  Dfts.' Response
to Plt.'s PFOF, dkt. #26, at 1.  In his affidavit, defendant John Mengel refers to two possible
grounds for a claim of misrepresentation or fraud.  One is that a Farm Service Agency
employee represented to him that the property had a mobile home, but that the mobile
home had been removed by the time defendant inspected the property.  If defendants knew
that the residence was gone before they entered into the transaction, they cannot rely on any
representation by plaintiff as a defense.  All-Tech Telecom, Inc. v. Amway Corp., 174 F.3d
862, 867 (7th Cir. 1999) ("The victim of a misrepresentation about a product who learns
the truth before he buys, but decides to buy the product anyway, cannot complain about the
misrepresentation.  Whatever he has relied on, it is not that.") (internal citations omitted).

      In his affidavit, Mengel says that a representative of the Farm Service Agency
promised defendants "the financing to get the farm into shape and the time to get it in

order," Mengel Aff., dkt. # 25, at 2, but reneged on the promise by pressuring them into acquiring cows before they had the facilities to care for the herd, with the result that they lost the cows to the county after their neighbors complained about their condition.  If they are suggesting that this constitutes misrepresentation or fraud in the inducement of the agreement, they have not alleged either claim with specificity as they must do under Fed. R. Civ. P. 9(b).  Defendants do not say exactly what the agency representative said to them about the "time to get [the farm] in order," where he said it to them, and whether anyone else was present when he said it.

Finally, the principal defendants assert that they were not informed "that FSA was trying to get additional rights under the third mortgage that they had under the first two." Mengel Aff., dkt. #25, at 2.  Presumably, defendants are referring to the lack of any pre-foreclosure sale right of redemption in the third mortgage that they signed.  They seem to think that they are entitled to such a right because it is provided under Wisconsin law, but federal law governs federal farm loans.  United States v. Einum, 992 F.2d 761, 762-63 (7th Cir. 1991) (holding that state law can supply content of federal law only when statute is silent on subject; because federal law on federal farm loans is not silent on subject of pre-foreclosure right of redemption, borrower are not entitled to such right).  Defendants cannot point to anything in the third mortgage they signed that gave them any pre-foreclosure right of redemption.  Perhaps acknowledging the inadequacy of their argument that they are

6

entitled to a state law right, defendants assert that they were not afforded all the rights due them under federal law.  They do not say what these rights might be or which ones were denied them.  Without more specificity, I could not consider their argument even if they had alleged it as an affirmative defense in their responsive pleading.

The principal defendants seem to think that they can rely on vague allegations of wrongdoing and develop their arguments and evidence at trial.  That is not the way that summary judgment works.  The Court of Appeals for the Seventh Circuit has described summary judgment as the "put up or shut up" phase of the lawsuit.  <u>AA Sales & Associates, Inc. v. Coni-Seal, Inc.</u>, 550 F.3d 606, 612-13 (7th Cir. 2008) ("As we have often observed, summary judgment is the 'put up or shut up' moment in the life of a case.").  To survive summary judgment a defendant must show through specific evidence that a triable issue of fact remains.  <u>Id.</u>  Because defendants John Mengel and Christine Mengel have not done this, plaintiff's motion for summary judgment will be granted.

The principal defendants have not shown any error in the government's calculation of the amounts due under the mortgages.  Therefore, plaintiff will be awarded the amounts it is seeking.

ORDER

IT IS ORDERED that plaintiff United States of America's motion for summary

7

judgment is GRANTED with respect to defendants John A. Mengel and Christine Mengel.

Default judgment is entered with respect to defendants Memorial Health Center Inc.,

Marshfield Clinic and Healthsouth Surgery Center.

Plaintiff is to submit a form of judgment no later than May 29, 2009.

Entered this 27th day of May, 2009.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

8